Circuit Court, District of Columbia. April Term, 1817.

PARTIES—ASSIGNEE OF NOTE.

After a note is taken up by the indorser, its negotiability ceases, and he cannot, by transferring the note, assign his right of action at law, so as to enable the assignee to sue in his own name.

Assumpsit [by W. T. Swann, for the Real Estate Bank, against Jonathan Scholfield] on the defendant's promissory note, indorsed by

1 [Reported by Hon. William Cranch, Chief Judge.]

Thompson Simpson, and George Bruce, Jun. The note when due, was taken up by the discount of notes of Bruce indorsed by Simpson, and afterwards returned by Bruce to the bank, who brought suit in the name of W. T. Swann, as indorsee.

THE COURT (THRUSTON, Circuit Judge, absent), instructed the jury, that after the note was taken up by Bruce, its negotiability ceased, and he could not assign his right of action at law to the plaintiff, so as to enable him to sue in his own name.

SWANN (UNITED STATES v.). See Case No. 16,425.

## Case No. 13,676a.

SWANSON v. BALL.

[Hempst. 39.] 1

Superior Court, Territory of Arkansas. Oct., 1826.

APPEAL — LIABILITY ON BOND — CONSTRUCTION OF BOND.

1. Where a bond is conditioned to prosecute a certiorari, and if the judgment of the justice is affirmed or more recovered, on a trial de novo the obligors will pay such judgment; the bond is discharged if the judgment of the justice is set aside for irregularity, although there may be no trial on the merits de novo.

2. The law will not create a liability against securities, which they have not brought on themselves by their contract.

3. And where less is recovered in the appellate court than before the justice, this is not embraced in the condition of such bond, so as to render the securities liable.

Appeal from Pulaski circuit court.

[This was an action by Edward Swanson against James Ball.]

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. By the record it appears that suit was brought by the plaintiff, Swanson, against Ball, and on October 22, 1825, a judgment was rendered against him by default. On January 18, 1826, Ball obtained a certiorari, and by that means brought the case before the circuit court of Pulaski county, having entered into bond with Nicholas Pray and Ambrose H. Sevier, as his securities. At the May term of the court, in 1826, the judgment of the justice was set aside for irregularity. A trial de novo was awarded at the next term, at which term judgment was rendered against Ball for the sum of forty-four dollars and eighty-one cents; but as appears by the bill of exceptions, the court refused to give judgment against the securities on the bond to prosecute the certiorari. The question presented to the court is, whether the circuit court did right in refusing to give judgment against the securities.

1 [Reported by Samuel H. Hempstead, Esq.]

In support of this assignment of error, the plaintiff refers to the act of 1818, which provides, "That in all cases of appeals or certiorari from justices of the peace by virtue of existing laws on those subjects, if the judgment of the justice be affirmed, or judgment given on a trial upon the merits de novo in the circuit court, judgment shall be given and execution issue not only against the original defendant or defendants, in the suit before such justice, but also against his or their security or securities, in the appeal bond or bond, to prosecute such certiorari." Acts 1818, p. 27. But to determine this question we must refer to the obligation contracted by the sureties in the bond, the conditions of which are substantially, that if Ball shall well and truly prosecute his certiorari, and if the judgment of the justice shall be affirmed, or if Swanson shall recover more than the judgment of the justice, that Ball shall pay such judgment. The defendant by his counsel insists, that the first condition has been complied with, namely, that he has prosecuted his certiorari and reversed the judgment of the justice, and the securities are therefore not liable under that condition; that the event which would make them responsible under the second condition, never has nor can happen; namely, if Swanson shall recover more than the judgment of the justice, that Ball shall pay the judgment. Swanson having recovered less than the judgment of the justice, there is no provision in the bond which will make the securities answerable, provided the plaintiff shall recover less than the judgment of the justice, and without such an express condition, the law will not create a liability against the securities which they never intended to bring on themselves by entering into the bond. The statute referred to creates no such obligation, but only points out the remedy. It is contended by the counsel for the plaintiff, that Ball has not reversed the judgment of the justice. He has shown irregularity in the proceeding, and set it aside for the irregularity. He had a right to complain, and having succeeded in his complaint, he was not responsible under his bond, much less his securities. The proceedings were had at the peril of the plaintiff, and if he be injured by the delay, it is an injury proceeding from his own errors. The decision of the circuit court, setting aside the judgment of the justice, was to all intents and purposes a reversal of the judgment. Indeed, Ball might claim the judgment of the circuit court as a reversal of the judgment of the justice. But the fair way of testing the security bond would be to suppose a suit to be brought thereon, and after setting forth the conditions, the plaintiff should assign as a breach, that Swanson had recovered less than the judgment of the justice. This clearly would not be a sufficient breach. As to the costs, Swanson will be responsible for all costs in this court, and the costs before the justice, and up to the time

of setting aside the judgment of the justice for irregularity, and Ball must pay the balance. Affirmed.